IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARSHA W. BATTEN,

    Plaintiff,

v.                                                                                             Civil Action No. 3:15cv513

AETNA LIFE INSURANCE CO.,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Aetna Life Insurance Company's ("Aetna") Motion to Partially Dismiss Plaintiff's Complaint ("Partial Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 3.) Plaintiff Marsha Batten ("Batten") has responded to the Partial Motion to Dismiss. (ECF No. 5.) Aetna has not replied, and the time to do so has expired. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] The Court will grant Defendant's Partial Motion to Dismiss.

### I. Federal Rule of Civil Procedure 12(b)(6) Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] Fed. R. Civ. P. 12(b)(6) allows a party to seek dismissal for "failure to state a claim upon which relief can be granted."

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Batten's Complaint alleges causes of action for a denial of benefits and breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

## II. Factual and Procedural Background

### A. Summary of Allegations in Batten's Complaint[3]

Plaintiff Marsha Batten formerly worked for Bank of America as a Customer Relations Manager. (Compl. ¶ 7.) During her employment there, Batten enrolled in the Bank of America Long Term Group Disability Insurance Policy ("Disability Policy"). (Compl. ¶ 3.) Defendant Aetna underwrote the plan and served as its Claims Administrator. (Compl. ¶¶ 3, 4.)

Under the Disability Policy, you are disabled if "[y]ou are not able to perform the material duties of *your own occupation* solely because of: disease or injury; and [y]our work earnings are 80% or less of your adjusted predisability earnings." (Compl. ¶ 8 (emphasis added).) After the first 18 months, the Disability Policy provides that "you will be deemed to be disabled on any day if you are not able to work at *any reasonable occupation* solely because of: Disease; or Injury." (*Id.* (emphasis added).)

Batten suffers from a variety of physical and mental ailments. (Compl. ¶ 9.) On April 13, 2011, Batten received a diagnosis of cervical disk herniation with low-grade myelopathy. (Compl. ¶ 9.) On June 27, 2011, she suffered from ongoing cervical disk disease with radiculopathy and evidence of possible median nerve compression at the wrist. (*Id.*) Batten also suffered from morbid obesity and used narcotics regularly to control pain. (*Id.*) On March 18, 2012, the Social Security Administration indicated that it deemed Batten disabled as of October 4, 2010. (Compl. ¶ 9.)

On January 4, 2010, Batten stopped working for Bank of America because of various health problems. (Compl. ¶ 10.) She applied for and received long-term disability benefits from

---

[3] For purposes of the Motion, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Batten. *Matkari*, 7 F.3d at 1134.

Aetna from April 4, 2011, until October 3, 2012. (Compl. ¶¶ 10, 12.) On October 4, 2012, Aetna terminated Batten's long-term disability benefits. (Compl. ¶ 15.) Batten alleges that Aetna did not consider all of her relevant medical information and therefore incorrectly concluded that she did not qualify for additional benefits under the Disability Policy. (*Id.*) Batten's medical condition has continued to deteriorate since January 4, 2010, and had not improved as of October 4, 2012, when Aetna terminated coverage. (Compl. ¶ 13.)

Batten appealed the termination of her long-term disability benefits in accordance with the terms of the Disability Policy. (Compl. ¶ 17.) She submitted additional medical documentation from her treating physicians confirming that she remained physically unable to perform the duties of her previous job or any other full-time occupation. (Compl. ¶ 18.) Despite the presentation of additional evidence, Aetna refused to reconsider its decision to deny Batten further disability benefits. (Compl. ¶ 19.) Batten has exhausted all administrative remedies under ERISA and the Disability Policy.[4] (Compl. ¶ 29.)

### B.   **Procedural History**

On August 25, 2015, Batten filed suit against Aetna in this Court under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Compl., ECF No. 1.) Batten raises two claims against Aetna seeking relief under two separate subsections of ERISA § 502(a), codified at 29 U.S.C. § 1132(a).[5] First, she alleges that Aetna wrongly denied

---

[4] The Complaint states that Batten exhausted all administrative remedies under "Cigna's claim procedure and ERISA." (Compl. ¶ 21.) The Court assumes that Batten intended to state that she exhausted administrative remedies under ERISA and the Aetna plan at issue in this action.

[5] In her Complaint, Batten lists ERISA "§§ 502(a)(1)(B), 502(a)(3), 502(c), and 503" as the bases of her claims (Compl. ¶ 1.) However, Batten did not cite any of the above-referenced ERISA subsections in the remainder of her Complaint, including her discussion of the two counts. In her Response to Defendant's Motion for Partial Summary Judgment, Batten articulated that "her claims" relate to "denial of disability benefits under Section 501(a)(1)(B)

her benefits under the Disability Policy in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).[6] (Compl. ¶¶ 27–30.) Second, Batten alleges that Aetna breached its fiduciary duty under ERISA, failed to act in her best interest, and violated its duty of loyalty required by ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).[7] (Compl. ¶ 8.)

On September 25, 2015, Aetna filed its Partial Motion to Dismiss. (ECF No. 3.) Batten filed her Response in Opposition to Defendant's Partial Motion to Dismiss ("Response in Opposition"). (ECF No. 5.) Aetna did not file a reply.

### III. Analysis

Aetna argues that Batten may not maintain her second claim for breach of fiduciary duty under ERISA § 502(a)(3) because she only seeks benefits allegedly owed to her under the Disability Policy for which she has an adequate remedy under § 502(a)(1)(b). (Mem. Supp. Mot. Dismiss at 5–6, ECF No. 4.) Batten disagrees and asserts she is entitled to relief under both

---

[sic] and breach of fiduciary duty under Section 502(a)(3)." (Resp. Opp'n 3.) Because Plaintiff seeks relief for her two claims under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and § 502(a)(3), 29 U.S.C. § 1132(a)(3), respectively, (Resp. Opp'n 3), the Court limits its analysis to those subsections. The Court presumes Batten intended to cite Section 502(a)(1)(B) on page three of her Response, rather than "Section 501(a)(1)(B)," which references criminal penalties and contains no subsection (a)(1)(B).

[6] Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary in a plan may bring a civil action "to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan."
The Court will omit parallel citations to the United States Code in the remainder of this opinion and refer only to the ERISA code section.

[7] Section 502(a)(3) states that a "civil action may be brought . . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

subsections. (Resp. Opp'n 3.) The Court grants the partial motion to dismiss the § 502(a)(3) count.

In *Varity Corp. v. Howe*, the Supreme Court of the United States considered whether ERISA § 502(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations. 516 U.S. 489, 507 (1996). Concerned that lawyers "will complicate ordinary benefit claims by dressing them up in 'fiduciary duty' clothing," *id.* at 514, the Supreme Court emphasized that § 502(a)(3) functions as a "catchall" provision, intended to "act as a safety net, offering appropriate equitable relief for injuries *caused by violations that § 502 does not elsewhere adequately remedy*," *id.* at 512 (emphasis added). Thus, "where Congress elsewhere provided adequate relief for a[n] . . . injury, there will likely be no need for further equitable relief in which case such relief would not be appropriate." *Id.* at 515.

In *Korotynska v. Metro. Life Insurance Co.*, the United States Court of Appeals for the Fourth Circuit joined "the great majority of circuit courts [that] have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § [502](a)(1)(B) may not proceed with a claim under § [502](a)(3)." 474 F.3d 101, 106 (4th Cir. 2006). The Fourth Circuit explained that allegations relating to claims procedures and determinations "are routinely taken up in appeals of benefits denials, and they do not constitute *special circumstances* for which equitable relief is *uniquely appropriate*." *Id.* at 108 (emphasis added). Noting that benefits are what Korotynska ultimately sought, the Fourth Circuit affirmed the district court and held that § 502(a)(1)(B) provided Korotynska adequate relief. *Id.* (stating that "[Korotynska's] case is not the exceptional one accommodated" under *Varity*).

Batten fails to allege sufficient facts to show hers is that rare case involving special circumstances such that she cannot obtain appropriate and adequate relief under § 502(a)(1)(B).

6

She alleges no fiduciary misconduct affecting or modifying her disability plan or her status as a plan participant. Therefore, Batten is unable to clear the initial hurdle under *Varity* justifying a reason for applying § 502(a)(3). Accordingly, the Court finds that Batten is precluded from raising a claim under § 502(a)(3), either in the alternative or conjunctively.

In her Response to Aetna's Motion to Dismiss, Batten cites the Fourth Circuit's holding in *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012), for the proposition that "monetary damages[8] in the form of monetary damages are available to persons suing fiduciaries for breach of fiduciary duty under §1132(a)(3)." (Resp. Opp'n 3.) The holding in *McCravy* relies on the Supreme Court's decision in *Cigna Corp .v. Amara*, 563 U.S. 421 (2010).

Although the holdings in *Amara* and *McCravy*, which applied *Amara*, expanded equitable remedies available under § 502(a)(3) to include monetary damages, Batten's reliance on them[9] is inapposite. Nothing in *Amara* or *McCravy* alters the rule set forth in *Varity* (and applied in *Korotynska*) that plaintiffs may not obtain equitable relief under § 502(a)(3) if they are able to obtain adequate relief for their injury under another provision. *See Savini v. Wash. Safety Mgmt. Sols, LLC*, 474 F. App'x 310, 313 n.2 (4th Cir. 2012) (applying *Korotynska* in a case decided ten months after *Amara* and noting that, in *Korotynska*, the Fourth Circuit explained that the district court "properly dismissed count two [§ 502(a)(3) claim] on the grounds that a party may not request simultaneous relief under both ERISA § 502(a)(1)(B) and § 502(a)(3)"); *Jenkins v. Int'l Ass'n of Bridge, Ornamental & Ironworkers Local No. 79 Pension Fund*, No. 2:14cv526, 2015 WL 1291883, at *8 (E.D. Va. Mar. 20, 2015) (explaining that, in *Korotynska*, "the Fourth Circuit

---

[8] The Court assumes this is a typo and plaintiff may have intended to say that equitable relief "in the form of monetary damages are available."

[9] Batten only cites *McCravy* and does not cite or discuss *Amara*. However, the holding in *McCravy* relies on *Amara*, so the Court assumes Batten relies on both cases.

7

that, in *Korotynska*, "the Fourth Circuit makes clear . . . that when another remedy is available under ERISA, . . . equitable claims under [§ 502](a)(3) are not appropriate").

Here, Count I alleges that Aetna improperly terminated Batten's disability benefits. Count II alleges that Aetna followed improper procedures when it terminated Batten's disability benefits. Batten's two claims seek the same thing—disability benefits under her Disability Policy. Batten remains a member of the Disability Plan and can obtain complete relief, namely, the disability payments, under § 502(a)(1)(B). Moreover, Batten's situation does not involve the exceptional circumstances present in *Amara*, *Varity*, and *McCravy*. Rather, Batten's situation more closely reflects that of the plaintiff in *Korotynska*, whose § 502(a)(3) claim the Fourth Circuit rejected. Therefore, Batten's reliance on *McCravy* is misplaced, and her attempt to invoke § 502(a)(3) is unavailing and duplicative.

Batten fails to allege adequate facts sufficient to support her second claim under § 502(a)(3) and overcome *Varity*'s proscription against invoking that subsection if there exists an adequate remedy elsewhere in § 502. She seeks reinstatement of her disability payments and takes issue with the manner in which Aetna terminated them. Batten may obtain adequate and appropriate relief under § 502(a)(1)(B) and nothing in her Complaint or Response in Opposition plausibly explains why she requires equitable relief under § 502(a)(3).

## IV. Conclusion

Batten's § 502(a)(3) claim is barred under *Varity* because § 502(a)(1)(B) provides adequate relief for her injury under the circumstances and her request for equitable relief is merely a request for benefits recast from her § 502(a)(1)(B) claim. Therefore, the Court will

8

9

grant Aetna's Partial Motion to Dismiss Count II of the Complaint. (ECF No. 3.) An appropriate Order shall issue.

_____
M. Hannah Lauck
United States District Judge

Date: 8-17-16
Richmond, Virginia